1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| C BLU,<br><br>                    Plaintiff,<br><br>        v.<br><br>CLALLAM COUNTY et al.,<br><br>                    Defendants. | CASE NO. 3:23-cv-06022-DGE<br><br>ORDER ON MOTION TO DISMISS<br>FOR LACK OF SERVICE (DKT.<br>NO. 11) |

Presently before the Court is Defendants' motion to dismiss Plaintiff's complaint for lack of service.  (Dkt. No. 11.)  On November 7, 2023, Plaintiff filed a motion for leave to proceed in forma pauperis ("IFP") and a proposed complaint.  (Dkt. No. 1.)  On December 21, 2023, the Court granted Plaintiff's motion to proceed IFP (Dkt. No. 5), and Plaintiff filed a complaint the same day.  (Dkt. No. 6.)

Plaintiff's claim stems from his treatment in detention at the Clallam County Jail between November 1, 2020 and November 7, 2020.  (*Id.*)  Plaintiff filed suit against Clallam County and several County jail employees in their individual and official capacities.  Plaintiff asserted

1  several causes of action under 42 U.S.C. §1983, including: 1) Religious Discrimination;

2  Prohibiting Free Exercise of Religion, 2) Infliction of Cruel and Unusual Punishment, and 3)

3  Due Process, Right of Access, Equal Protections.  (*Id.* at 7–9.)

4       On March 22, 2024, Defendants filed the instant motion to dismiss Plaintiff's complaint

5  for lack of service.  (Dkt. No. 11.)  Defendants contend Plaintiff's complaint should be dismissed

6  without prejudice because Plaintiff failed to serve the summons and complaint on any and all

7  Defendants within 90 days of filing the complaint.  (*Id.*)

8       Pursuant to Federal Rule of Civil Procedure 12(b)(5), a defendant may move to dismiss

9  an action for insufficient service of process.  Rule 4(m) provides that "[i]f a defendant is not

10  served within 90 days after the complaint is filed, the court—on motion or on its own after notice

11  to the plaintiff—must dismiss the action without prejudice against that defendant or order that

12  service be made within a specified time."  However, "if the plaintiff shows good cause for the

13  failure, the court must extend the time for service for an appropriate period."  *Id.*

14       The Court acknowledges that Plaintiff is proceeding pro se and that he is presently

15  incarcerated.  However, Plaintiff's pro se status does not relieve him of the responsibility to

16  effect service on Defendants.  Fed. R. Civ. P. 4(c)(1) ("The plaintiff is responsible for having the

17  summons and complaint served within the time allowed by Rule 4(m) and must furnish the

18  necessary copies to the person who makes service.").  Nor does Plaintiff's pro se status, in itself,

19  constitute good cause for failure to effect timely service.  *Larson v. Commonspirit Health*, Case

20  No. 2:23-cv-00747-TLN-JDP (PS), 2024 WL 150138 at *1 (E.D. Cal. Jan. 12, 2024).

21

22

23

24

1    More than 90 days have passed since Plaintiff filed his complaint.  Plaintiff has not

2  served Defendants or taken any other steps to move this case forward.[1]  Further, under the local

3  rules, Plaintiff's failure to respond to Defendants' motion may be considered by the Court as an

4  admission that the motion has merit.  Local Civil Rule 7(b)(2).

5    Nevertheless, federal courts have "broad discretion" to extend the time for service under

6  Rule 4(m), even absent a showing of good cause, and have leeway "to preserve meritorious

7  lawsuits despite untimely service of process."  *United States v. 2,164 Watches, More or Less,*

8  *Bearing a Registered Trademark of Guess?, Inc.*, 366 F.3d 767, 772 (9th Cir. 2004).  "In making

9  extension decisions under Rule 4(m) a district court may consider factors such as a statute of

10  limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service."

11  *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007) (quotation marks omitted).

12    Here, Defendants had actual notice of the lawsuit, and there is little evident risk of

13  prejudice to Defendants if the Court extends the deadline for service.  Furthermore, Plaintiff

14  appears to have initiated his lawsuit exactly three years after the conclusion of the events giving

15  rise to his complaint, which raises questions regarding the statute of limitations.  *See A.T. v.*

16  *Everett Sch. Dist.*, 300 F. Supp. 3d 1243, 1252 (W.D. Wash. 2018) ("[I]n a Washington forum,

17  the statute of limitations for a section 1983 claim . . . is three years.").

18    Accordingly, the Court, in exercise of its discretion, finds it appropriate to extend the

19  deadline for service in this case.  Defendants' motion (Dkt. No. 11) is DENIED.  Plaintiff shall,

20

21  [1] Plaintiff filed a response to Defendants' motion on May 20, 2024.  (Dkt. No. 13.)  Plaintiff
   contends his ability to prosecute this case has been hindered by Defendants' actions during his
22  incarceration and states he did not receive a copy of Defendants' motion until the third week of
   April.  (*Id.* at 1.)  Plaintiff argues he lacks the funds and knowledge to hire a process server.  (*Id.*
23  at 3–4.)  Plaintiff further asserts he did not receive a copy of the Court's order on his motion to
   appoint counsel.  (*Id.* at 2.)  Plaintiff asks the Court to extend the deadline for service to July 31,
24  2024.  (*Id.* at 4.)

no later than **July 31, 2024**, effect service on Defendants in compliance with the Federal Rules of Civil Procedure.  Failure to do so will result in the dismissal of Plaintiff's complaint without prejudice.

Separately, the Clerk SHALL provide Plaintiff an additional copy of the Court's order on his motion to appoint counsel to ensure Plaintiff received a copy.  (Dkt. No. 12.)

Dated this 24th day of May, 2024.

David G. Estudillo
United States District Judge